UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CORY HEDRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-523 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| G.UB.MK CONSTRUCTORS, *a joint venture* ) | |
| *Between* URS CORPORATION, WILLIAMS ) | |
| PLANT SERVICES, LLC, and ) | |
| WORLEY PARSONS GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is a Motion to Withdraw as Counsel for Plaintiff [Doc. 47], filed by Attorney Wynne du Mariau Caffey. Attorney Caffey moves the Court to allow her to withdraw as counsel for the Plaintiff. She further moves the Court to grant Plaintiff ninety-days to obtain substitute counsel and to stay the pre-trial deadlines during this period. Defendant G.UB.MK Constructors has responded in opposition to the request for additional time to obtain substitute counsel and the request to stay pre-trial deadlines. [Doc. 48].

In order to withdraw as counsel, Local Rule 83.4 requires that: counsel request permission to withdraw as counsel; include the current mailing address and telephone number of the client; provide a copy of the motion to the client fourteen days prior to filing; and certify that the requirements of the rule have been met. See E.D. Tenn. L.R. 83.4(f).

The Court finds that the Motion to Withdraw did not satisfy Rule 83.4, when filed on October 11, 2013, because it did not certify that a copy of the Motion to Withdraw was served

upon Plaintiff fourteen days prior to the Motion to Withdraw being filed.[1] The Motion to Withdraw did, however, certify that a copy of the Motion to Withdraw was mailed to Plaintiff on October 11, 2013. The Court finds that fourteen days have elapsed since this mailing, and the Court finds that Rule 83.4's notice requirement has been satisfied.

The Court finds that the Motion to Withdraw does include Plaintiff's address, but not his telephone number. The Court finds that this deficiency can be cured as directed below.

The Court, therefore, finds that the Motion to Withdraw satisfies Local Rule 83.4, and because the Local Rule is satisfied, the Court finds that a hearing on this issue is not necessary. Accordingly, the request to withdraw as counsel is **GRANTED**. Attorney Wynne du Mariau Caffey **SHALL** turn any relevant documents over to Plaintiff and advise Plaintiff of all pertinent dates and deadlines in this case in writing. Thereafter, Ms. Caffey is **RELIEVED** of her duties as counsel in this matter.

To the extent the Motion to Withdraw moves the Court to allow ninety-days to obtain substitute counsel, it is **DENIED**. Plaintiff shall have up to and including **November 15, 2013**, to obtain substitute counsel. As of entry of this Memorandum and Order, Plaintiff is deemed to be proceeding *pro se* in the interim. If the Plaintiff intends to secure substitute counsel in this matter, counsel must file a notice of appearance on or before November 15, 2013. Otherwise, the Court will deem Plaintiff to be proceeding *pro se* for the remainder of this litigation.

The Clerk of Court **SHALL** enter Plaintiff's current mailing address of 562 Murray Drive, Knoxville, Tennessee, 37912, in the docket of this case. The Clerk of Court **SHALL** mail a copy of this Memorandum and Order to the Plaintiff at the above address. In addition, Ms. Caffey is **ORDERED** to contact the Clerk of Court and report the Plaintiff's telephone number to the Clerk of Court, so that it may be entered in the docket.

---

[1] The motion states only that Plaintiff was, at some point, provided a copy of the motion.

Finally, the Court finds that a brief extension of the Plaintiff's period for filing any sur-reply or brief related to the pending dispositive motions is appropriate. Plaintiff will have up to and including **December 15, 2013**, to file any such documents. Plaintiff is admonished that – because these dispositive motions were filed in February and March 2013 – this deadline will not be extended further.

In sum, the Motion to Withdraw as Counsel for the Plaintiff **[Doc. 47]** is **GRANTED IN PART** and **DENIED IN PART** as stated above.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge